UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BRIAN A. JEREMIAH, | Case No. 2:21-cv-00618-MK |
| Plaintiff, | ORDER |
| v. | |
| BRAD CAIN, Superintendent SRCI, et al., | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), filed this action pursuant to 42 U.S.C. § 1983 and alleged violations of his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff's Complaint was deficient in several respects and he was allowed the opportunity to amend his allegations. Plaintiff filed a timely Amended Complaint, and Magistrate Judge Kasubhai has referred the Amended Complaint to the undersigned district judge for review. Several of plaintiff's claims remain deficient and fail to state a claim, and they are DISMISSED.

1   - ORDER

In Claims I through IV, plaintiff alleges violations of his constitutional rights arising from conditions or incidents that took place during the spring, summer, and fall of 2018. Am. Compl. at 7-12. A two-year statute of limitations applies to claims brought under § 1983, and these claims are untimely. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). According to plaintiff's allegations, he completed the grievance process for each of these claims by December 2018, at the latest. *See* Am. Compl. at 3-5, 7-12. Plaintiff did not file suit until April 23, 2021, and from the face of the Amended Complaint, Claims I through IV are barred by the statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

In Claims V through VII, plaintiff alleges that the defendants' alleged failure to comply with ODOC administrative rules constitutes deliberate indifference to his health and safety in violation of the Eighth Amendment. Am. Compl. at 12-17. The failure to follow a state administrative regulation, standing alone, does not give rise to a viable federal claim. *See* 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Further, the facts alleged in Claims V, VI, and VII do not allege a sufficiently serious deprivation of plaintiff's rights, the deliberate disregard of known risks to his health, or any resulting harm. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Foster v. Runnels,* 554 F.3d 807, 812 (9th Cir. 2009).

In Claim VIII, plaintiff alleges that several officers retaliated against him in January 2019 by repeatedly questioning him about bringing a pen to chapel. This claim appears to be time-barred, as the facts in question occurred more than two years before plaintiff filed suit. Further,

Claim VIII fails to state a claim for retaliation because plaintiff alleges no adverse action taken against him. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Watison v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012) (explaining that adverse action sufficient to support a retaliation claim requires "more than minimal" harm). At most, plaintiff alleges that correctional officers verbally harassed him about bringing a pen to chapel. Plaintiff alleges no other action taken against him, and these facts do not state a claim for First Amendment retaliation.

In Claim IX, plaintiff alleges that in February 2019, Officer Jantzen framed him for a prison rule violation by placing a knife in plaintiff's cell and initiating disciplinary proceedings. Plaintiff alleges that Office Jantzen did so in retaliation for plaintiff's complaints against correctional officers. It is arguable that Claim IX is timely, and plaintiff's allegations state a viable claim for retaliation.

In Claims X and XI, plaintiff alleges that Officer Main and others subjected him to unconstitutional treatment, planted contraband in his room, and destroyed his property between February 7 and April 4, 2019. *See* Am. Compl. at 21-25. These actions occurred outside of the two-year limitations period, and plaintiff filed no grievance regarding these claims that would have tolled the statute of limitations until he exhausted the grievance process. *Id.* at 6; *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018). Accordingly, these claims are barred as untimely.

In Claim XII, plaintiff alleges that several correctional officials failed to protect him from assault when he was released from disciplinary segregation on April 4, 2019. Am. Compl. at 25. Plaintiff alleges that he warned several officers that he was at risk of assault and they refused to transfer him to a safe housing unit. Plaintiff alleges that he was assaulted shortly afterward and suffered serious injuries. These allegations sufficiently allege a failure to protect in violation of

the Eighth Amendment, the claim is arguably timely, and it will be allowed to proceed against Officer Main and Captain Woodland. Plaintiff alleges no personal participation by Lt. King associated with the failure to protect, and the claim against Lt. King is dismissed. *See* Am. Compl. at 25-26.

Finally, in Claim XIII, plaintiff seeks compensatory damages and injunctive relief arising from the conditions of his confinement at Two Rivers Correctional Institution (TRCI) arising from the COVID-19 pandemic. Plaintiff alleges that his cellmate contracted COVID-19 and an unidentified correctional official denied plaintiff's request to move to another cell or housing unit. Am. Compl. at 26. Plaintiff also alleges that ODOC officials turned off air circulation at TRCI due to wildfire smoke and refused to place fans in his housing unit. *Id.* at 26-27. Lastly, plaintiff alleges that officials at TRCI do not implement social distancing or provide disinfectant supplies for inmates. Notably, plaintiff did not make any amendments to this claim in response to Judge Kasubhai's Order requiring amendment, and Claim XIII remains deficient.

Plaintiff brings Claim XIII against Governor Brown, Colette Peters, Heidi Steward, Mike Gower, and Mark Nooth in their supervisory capacities, even though none of these officials except Peters are identified in the caption or named as party defendants in the text of the Amended Complaint. *See* Am. Compl. at 2. Regardless, a defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation omitted).

Plaintiff does not allege that any of these defendants denied his housing request, turned off the air circulation, or denied the use of fans in TRCI housing units. Moreover, plaintiff does

not allege actual harm resulting from the failure to move him to another cell, and the temporary cessation of air circulation due to wildfire smoke does not rise to the level of deliberate indifference. Likewise, plaintiff does not allege sufficient facts to show that the named prison officials personally disregarded a known risk related to COVID-19 or failed to take any steps to address the risk, and he does not identify a policy, custom or practice implemented by any of these officials which condones or sanctions the alleged lack of COVID-19 safety measures. Accordingly, Claim XIII fails to state a claim under § 1983.

## CONCLUSION

Construed liberally, Claims IX and XII sufficiently state claims for retaliation against Officer Jantzen, Captain Woodland, and Officer Main. Plaintiff may seek the identities of Doe defendants related to Claim XII during the discovery process.

Claims I, II, III, IV, X, and XI are DISMISSED as untimely, and Claims V, VI, VII, VIII, and XIII are DISMISSED for failure to state a claim. Defendants Brad Cain, James Taylor, Jerry Timblin, J. Miller, Collette Peters, Lt. Rowley, Captain Kile, Sgt. Real, Officer Harris, P. Hallett, Officer Hawkins, Sgt. Kautz, Lt. Anderson, Captain Jost, Lt. King, Officer Rainwater, Officer Stoneman, and J. Gilmore are terminated from this action.

Plaintiff's "Petition for Recusal" is (ECF No. 15) is DENIED.

IT IS SO ORDERED.

DATED this  8th   day of December, 2021.

                                            /s/Ann Aiken
                                            Ann Aiken
                                  United States District Judge