UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| BRIAN A JEREMIAH, | Case No. 2:21-cv-00618-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| OFFICER JANTZEN *et al.*, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Brian Jeremiah ("Plaintiff") filed this complaint against Defendants alleging violations of his civil rights as protected by the First, Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution while he was incarcerated at Two Rivers Correctional Facility. Defendants filed a motion for entry of protective order on April 21, 2023 (ECF 56), and Plaintiff filed a response (ECF 58) contesting the language contained in Paragraph 14 of Defendants' proposed order. For the reasons stated, Defendants' motion is granted in part and denied in part.

Federal Rule of Civil Procedure 26(c)(1) permits the Court to enter a protective order that limits the extent of disclosure. After careful consideration of the parties' briefing, the Court orders that the parties shall adopt Defendants' proposed form of protective order with the following amendments to Paragraph 14:

Plaintiff's first proposed Paragraph 14 amendment stating that

Within 60 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information, produced by the Plaintiff or the State of Oregon/State Defendants shall return to *the respective parties' attorneys*, or destroy, all information and documents subject to this Protective Order.

shall be included in the protective order.

Plaintiff's second proposed Paragraph 14 amendment, "*Notwithstanding the foregoing, counsels for the parties may retain an archival version of the confidential documents in a protected folder*" shall not be included in the protective order. The protective order shall include an indemnity provision agreeable to both parties specifying that Defendant will retain all confidential documents relevant to this litigation for 20 years after final judgment has been entered and agree to bear all costs to such indemnification in the event that Defendants fail to properly retain such confidential information or items. If Defendants are unwilling to indemnify Plaintiff, then Plaintiff may retain sealed copies of documents designated as Confidential in Plaintiff's records.

//
//
//
//
//

## CONCLUSION

For the reasons above, Defendants' motion for entry of protective order (ECF 56) is GRANTED in part and DENIED in part. The parties are ordered to confer and submit to the Court a proposed protective order that accords with this Order within 14 days.

IT IS SO ORDERED.

DATED this 12th day of May 2023.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge
